**SO ORDERED.**

**SIGNED March 15, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____


```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

HUGH L. BROUSSARD
NYOLA L. BROUSSARD                    CASE NO. 03-20832

     Debtors                          CHAPTER 7
-----------------------------------------------------------------
CMH MANUFACTURING, INC.
CMH HOMES, INC.

     Plaintiffs

VERSUS                                ADV. PROCEEDING NO. 04-2039

HUGH L. BROUSSARD
RUDY O. YOUNG

     Defendants
-----------------------------------------------------------------
                    REASONS FOR DECISION
-----------------------------------------------------------------
```

Hugh Lambert Broussard and Nyola Lynette Broussard ("Debtors") filed a voluntary petition for relief under chapter 7 of the

Bankruptcy Code[1] on June 27, 2003 ("Petition Date"), and on that date an order for relief was duly entered. Rudy O. Young ("Trustee") is the duly appointed and qualified chapter 7 trustee.

CMH Manufacturing, Inc., and CMH Homes, Inc. (collectively, "CMH"), have filed this **COMPLAINT FOR DECLARATORY JUDGMENT**, to which Southern Mobile Products, Inc. ("Southern"), intervened. Trial was held on September 2, 2006. After receiving evidence, the matter was taken under advisement.

### JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

### FACTUAL BACKGROUND

Mr. Broussard claims he received injuries on April 8, 2003, as a result of an accident which occurred on his property. He alleges

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

04-02039 - #34   File 03/15/06   Enter 03/15/06 16:40:24   Main Document   Pg 2 of 9

the accident was caused by a defect in stairs which accompanied a mobile home purchased by the debtors from CMH. CMH had obtained the steps from Southern.

Mr. Broussard was receiving medical treatment for his injuries on the Petition Date. The Debtors' sworn Schedules and Statement of Affairs, however, did not include any mention of a claim for damages against CMH or any other party. Furthermore, the Debtors did not disclose the existence of the claim to the Trustee at the section 341 meeting of creditors.

The Debtors received their discharge on September 30, 2003. In early October 2003, Mr. Broussard employed Bruce Jones to represent him in an action against CMH. The court notes that Mr. Jones was the Debtors' counsel in the bankruptcy proceeding. On March 19, 2004, Mr. Broussard filed suit against CMH, Southern, and others in the 14th Judicial District Court, Calcasieu Parish, Louisiana, seeking to recover damages for the injuries he allegedly sustained as a result of the pre-petition incident. CMH thereafter filed the instant complaint seeking a declaratory judgment that Mr. Broussard is judicially estopped from asserting the personal injury claim.

On June 24, 2004, the Trustee filed a Motion to Reopen Bankruptcy Case for the purpose of administering additional assets. That motion referred to Mr. Broussard's state court lawsuit. The

case was reopened on July 1, 2004. The Schedules and Statement of Affairs were subsequently amended on October 27 and 29, 2004, respectively, providing the initial notice of the existence of such claim.

CMH and Southern argue that when the Debtors filed their Schedules and Statement of Affairs under penalty of perjury, the fact that the claim for damages arising after the accident was not listed is a assertion that no such claim exists. They contend that the pursuit of the claim at this time is in contradiction to that prior legal assertion and therefore barred by the doctrine of judicial estoppel.

Mr. Broussard argues that he was unaware of the requirement that he disclose the claim. He asserts that at the time the bankruptcy case was filed, he was unaware that he had a claim for damages.

The Trustee takes the position that the claim against CMH and/or Southern has never been abandoned and is property of the estate which the Trustee is entitled to pursue.

**LAW AND ANALYSIS**

The Fifth Circuit has explained the doctrine of judicial estoppel as follows:

> Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. <u>Brandon v. Interfirst Corp</u>., 858 F.2d 266,

Page 4

268 (5th Cir. 1988) "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." Coastal Plains, 179 F.3d at 205 (citations and quotations omitted). Importantly, because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required. Id. (citing Matter of Cassidy, 892 F.2d 637, 641 (7th Cir.1990)).

Generally, judicial estoppel is invoked where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." Id. (quoting Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir.1953)). This circuit, however, has recognized three particular requirements: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. Id. (citations omitted.)

In re: Superior Crewboats, Inc., 374 F.3d 330 (5th Cir. 2004).

In Superior Crewboats, the debtors' schedules failed to disclose a cause of action arising from a fall while disembarking from a sea vessel. During the pendency of the chapter 13 case, the debtors commenced a state court lawsuit. The debtors then converted the case to chapter 7. Although the debtors disclosed the existence of the cause of action at the section 341 meeting of creditors in the converted case, they advised the trustee that the cause of action had prescribed because it had not been pursued within one year of the injury. The debtors failed to inform the trustee and creditors that a state court lawsuit had been filed and that service

Page 5

on the defendants had been requested just one month before. Based upon the debtors' testimony, the trustee abandoned the cause of action.

The debtors received their chapter 7 discharge, and several months later, urged their claim against Superior Crewboats in federal court[2]. Upon learning that the debtors were pursuing the action, the trustee sought to reopen the bankruptcy case. The debtors then amended their schedules to disclose the cause of action. In response to a motion to dismiss the admiralty lawsuit, the trustee sought to intervene in place of the debtors.

The Fifth Circuit held that the debtors' positions in the bankruptcy and the admiralty suit were clearly inconsistent. The court observed that even if the court were to accept the debtors' argument that they were not aware they had a valid cause of action at the time of filing, debtors have a continuing duty to disclose and they should have amended their schedules as soon as they realized they could proceed with the lawsuit. The court further observed that the bankruptcy court had adopted the debtors' position when it closed the case as a no asset case. Finally, the court held that the debtors' non-disclosure was not inadvertent. The court

---

[2]Superior Crewboats had brought an admiralty limitation of liability proceeding. The debtors made their claim in that proceeding.

indicated that a debtor's failure to disclose is only inadvertent when the debtor either lacks knowledge of the undisclosed claim or has no motive for their concealment. The court held that even if the debtors were uncertain as to whether the lawsuit had prescribed, they had knowledge of the cause of action. The court also found that the debtors had motive for concealment as they would have reaped the rewards of the lawsuit to the detriment of their creditors.

Here the Debtor argues that the facts of the instant case are distinguishable from <u>Superior Crewboats</u> in that the he did not learn of his claim until after the bankruptcy was completed. The Debtor asserts that he did not realize that he had a cause of action until he met with counsel after the bankruptcy case was closed.

The court rejects the Debtor's attempted explanation of his failure to list the claim. He was under medical treatment throughout the term of his bankruptcy proceeding and immediately after receiving his discharge began seeking legal advice as to his rights. The court concludes that he most certainly had an idea that some cause of action existed, and that the sequence of events was not merely a coincidence. Regardless of whether or not he believed the cause of action was valid, Mr. Broussard clearly had knowledge of the existence of some claim and, therefore, he had an affirmative duty to disclose that claim. He cannot at this point assert that

he has a claim when he previously filed pleadings stating that no such claim existed.

The Trustee also asserts that the instant case is distinguishable from Superior Crewboats. The Trustee points out that the cause of action in Superior Crewboats was specifically abandoned by the trustee. In the instant case, however, the cause of action was neither specifically abandoned nor abandoned as a matter of law since it was not disclosed. Scheduled assets not administered by a trustee are deemed abandoned when the case is closed. Section 554(c). Assets that are neither scheduled nor administered, however, remain property of the estate. Section 554(d). The Trustee further argues that the doctrine of judicial estoppel cannot apply to him as he has not taken any inconsistent position in the case.

Another bankruptcy court in this state has addressed the identical issue raised herein. In re Knippers, 2004 Bankr. LEXIS 2310 (USBC, M.D. LA, July 29, 2004). In that case, Judge Douglas D. Dodd observed that Superior Crewboats did not address the issue of estoppel *vis-a-vis* the trustee. He held that while the debtor was judicially estopped from pursuing the cause of action, the trustee was not and, therefore, was authorized to pursue the claim on behalf of the bankruptcy estate.

Page 8

04-02039 - #34  File 03/15/06  Enter 03/15/06 16:40:24  Main Document  Pg 8 of 9

The Seventh Circuit recently addressed this identical issue and stated as follows:

> Judges understandably favor rules that encourage full disclosure in bankruptcy. Yet pursuing that end by applying judicial estoppel to debtors' self-contradiction would have adverse effects on third parties: the creditors. Biesek's nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by denying creditors even the right to seek some share of the recovery. Yet the creditors have not contradicted themselves in court. They were not aware of what Biesek has been doing behind their backs. Creditors gypped by Biesek's maneuver are hurt a second time by the district judge's decision. Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application.

Biesek v. Soo Line Railroad Company, 2006 WL 521903 (7th Cir. 2006).

This court agrees with the reasoning of both the Seventh Circuit and Judge Dodd and finds that while the Debtor is prohibited by the doctrine of judicial estoppel from asserting the claim against CMH, the Trustee is not.

Within 30 days of the entry of these reasons, counsel for the Trustee shall submit an order in conformity with the foregoing reasons.

**IT IS SO ORDERED.**

###

Page 9

04-02039 - #34   File 03/15/06   Enter 03/15/06 16:40:24   Main Document   Pg 9 of 9